IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-61,662-01






EX PARTE RICKY MARTIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


 CAUSE NO. A-27,714 IN THE 70th JUDICIAL DISTRICT COURT

ECTOR COUNTY



 

 Per Curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of two counts of possession of cocaine, and punishment was assessed at twenty years
imprisonment on one count, and ten years imprisonment on the other count. Applicant's 
appeal was dismissed for want of jurisdiction. Martin v. State No. 08-00-00527 (Tex. App.
--El Paso, delivered February 15, 2001, no pet.).

 Applicant contends that he was deprived of his meaningful right to a direct appeal due
to the ineffective assistance of his counsel. Specifically, the Applicant contends that, after
being requested to do so, counsel failed to timely file notice of appeal.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Counsel should have
notice of the allegations against him and an opportunity to respond before he is adjudged to
have rendered ineffective assistance of counsel. Therefore, it is this Court's opinion that
additional facts need to be developed and because this Court cannot hear evidence, the trial
court is the appropriate forum. The trial court may resolve those issues as set out in Tex.
Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits, depositions, or
interrogatories from counsel, or it may order a hearing. In the appropriate case the trial court
may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Tex.
Code Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court should make findings of
fact as to whether Applicant was deprived of his meaningful right to a direct appeal due to
the ineffective assistance of counsel. The trial court should also make any further findings
of fact and conclusions of law it deems relevant and appropriate to the disposition of the
application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 14th DAY OF DECEMBER, 2005.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.